UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AFFINITY LIFESTYLES.COM, INC. d/b/a REAL WATER, a Nevada Corporation et al., et al.,<br><br>Defendants. | Case No. 2:25-cv-01638-CDS-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for an Order Permitting Service by Publication and for Additional Time to Serve Summons and Complaint in Interpleader. ECF No. 71. Thought its Motion, Plaintiff seeks to serve Rudy Morales and Affinitylifestyles.com, Inc by publication. ECF No. 71 at 3. The Court finds as follows.

**I.    DISCUSSION**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Instead, the Constitution only requires that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* To that end, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted).

Rule 4 of the Federal Rules of Civil Procedure "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* Still, "without substantial compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.* (internal citation and quote marks omitted). Due process requires defendants be given notice of the civil lawsuit that is reasonably calculated to

apprise them of the pending action and provide an opportunity to present their objection. *Mullane*, 339 U.S. at 314.

Under Fed. R. Civ. P. 4(e)(1), the Court looks to Nevada's rules pertaining to alternative service. Nevada Rule of Civil Procedure 4.4(b)(2) permits service by alternative means so long as the party seeking to effect such service: "(A) provide[s] affidavits, declarations, or other evidence setting forth specific facts demonstrating: (i) the due diligence that was undertaken to locate and serve the defendant; and (ii) the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and (B) state[s] the proposed alternative service method and why it comports with due process."

Among the options for alternative service is service by publication. Nev. R. Civ. P. 4.4(c). Service by publication is proper when the defendant "cannot, after due diligence, be found [or] by concealment seeks to avoid service of the summons and complaint." Nev. R. Civ. P. 4.4(c)(1)(A), (B). When service by publication is permitted, the law requires (1) additional methods of service to supplement publication (Nev. R. Civ. P. 4.4(d)), and (2) a copy of the summons, complaint, and the Court's order authorizing alternative service be mailed to the defendant's last known address. Nev. R. Civ. P. 4.4(b)(3). Supplemental methods of service may include, among others, "telephone, voice message, email, social media, or any other method of communication." Nev. R. Civ. P. 4.4(d)(1).

a. <u>The Court Denies Plaintiff's Request with Respect to Rudy Morales.</u>

The Court finds the facts do not support service by publication on Rudy Morales. After attempting service on Mr. Morales four times at 2121 East Warm Springs Road, Unit 1149, Las Vegas, NV 89119, a leasing office agent at that location told Plaintiff that Mr. Morales did not live at the address. ECF No. 71 at 5. Plaintiff then located another potential address for Mr. Morales—5900 W Tropicana Ave, TRLR 169, Las Vegas, NV 89103[1]—at which Summonses were left with

---

[1] It is unclear to the Court how this address was identified. Plaintiff attaches a statement of due diligence based on unsuccessful efforts to skip trace the Rudy Morales connected with the 2121 E Warm Springs address. ECF No. 72 at 7-9. However, the declaration makes no mention of the W Tropicana address and was signed well before service was attempted at W Tropicana. Thus, it is unclear how Plaintiff identified the address and why counsel believes it to be the last known address of Mr. Morales.

William Flores, the alleged brother and co-occupant of the Rudy Morales living at the address. *Id*.; ECF No. 78 at 12.

After this service, Plaintiff received an email from an individual identifying as Rudy Estefani Flores Morales, who said they received legal documents—appearing to be the summons left with William Flores—but had been incorrectly named and served in the lawsuit. *Id*., *see* ECF No. 72 at 14-15. Flores Morales further stated he/she has no connection to the claims in this case, no connection to the 2121 Warm Spring address, and was incorrectly named and served in *Evanston Insurance Co. v. Affinitylifestyles.com*, Case No. 2:25-cv-00670 (the "Evanston Lawsuit"). ECF No. 72 at 14. Attached to Flores Morales's email was a letter provided to Evanston's counsel; however, the attachment was not provided to the Court.

Overall, Plaintiff provides the Court with no information connecting Rudy Morales, who is named in the caption of this case, and Rudy Estefani Flores Morales residing at the W Tropicana address. Rudy Morales is a common name, and the Court will not presume a connection based on the name alone. Further, Plaintiff provides no information connecting the 2121 Warm Springs address—where Plaintiff initially attempted service—with the W Tropicana address—where service was left with an individual identifying as Flores Morales's brother. Again, Flores Morales, of the W Tropicana address denies connection to the claims in the instant matter, the Warm Springs address previously identified by Plaintiff, or the claims in the *Evanston* lawsuit. ECF No. 72 at 14-15. Simply put, Flores Morales says he is not the Defendant Plaintiff is seeking to serve. *Id*.

Other than recounting attempts to serve an individual with a name similar to the name of the Defendant, Plaintiff offers the Court no evidence that counters Flores Morales' assertions. Further, there is no basis for the Court to conclude that the Rudy Morales appearing in Plaintiff's caption is likely to be in Las Vegas. Thus, there is no reason to conclude publication in the Las Vegas Review Journal would apprise this individual of the lawsuit. In the absence of any such evidence, publication in the Las Vegas Review Journal and mail to 5900 W Tropicana is not reasonably calculated to provide notice of this lawsuit to Defendant Rudy Morales.

b. <u>There is a Sufficient Basis for Service by Publication as to Affinitylifestyles.com</u>.

In contrast, Plaintiff demonstrate a solid basis for alternative service on Affinitylifestyles.com. Plaintiff's process server made numerous attempts at several addresses across three states to serve Defendant. ECF No. 72 at 17-21. Specifically, Plaintiff shows efforts to locate and serve former officers of the company. *Id*.

Given the information provided, the Court finds publication in the Las Vegas Review Journal and the Houston Chronicle[2] are likely to notify Affinitylifestyles.com notice of this action. Publication must occur once a week for a period of four weeks after which service of process will be deemed effected. Under Nevada rules, Plaintiff must submit "the proposed language of the summons to be used in the publication, briefly summarizing the claims asserted and the relief sought and including any special statutory requirements." Nev. R. Civ. Pro. (c)(2)(c). The language currently provided refers to Rudy Morales and Affinitylifestyles.com, which cannot be used. Plaintiff must therefore file the language for service by publication, with the proposed summons, as intended for Affinitylifestyles.com alone. Just language may appear in a proposed order.

Because when serving by publication a plaintiff must also provide notice to a defendant by mail, Plaintiff must mail a copy of the Summons, Complaint, and this Order to Affinitylifestyle.com's last known address at 10045 Valley Dr. S, Willis, TX 77318. In addition, Plaintiff, who has communicated with Affinitylifestyles.com's special litigation counsel over telephone and email, must send notice to counsel through electronic mail that includes a copy of the Summons, Complaint, and this Order.

Finally, Plaintiff seeks an extension of time within which to serve Affinitylifestyles.com and Rudy Morales. Plaintiff is granted through and including February 27, 2026, to effect service on Affinitylifestyles.com. With respect to Rudy Morales, Plaintiff must, no later than January 30, 2026, either provide additional information supporting its proposed alternative service on this named Defendant, addressing Flores Morales's assertions that he/she has no connection to this litigation or

---

[2] The Court finds notice in the Las Vegas Review Journal alone is not sufficient to be reasonably calculated to provide notice to Affinitylifestyles.com, when the last known address for the defendant is in Willis, Texas. Thus, the Court finds publication in the Houston Chronicle to be appropriate. See *In re U. Gen. Hosp. System, Inc.*, Case No. 15-31086-H3-11, 2016 WL 881312, at *2 (Bankr. S.D. Tex. Mar. 7, 2016) (taking judicial notice that the Houston Chronicle is a newspaper of general circulation in the Houston area).

the Warm Springs address, or otherwise identify what additional alternative means they intend to use to locate the defendant is who is currently identified as Rudy Morales, but for whom Plaintiff has offered no information regarding the source of this information or the basis for concluding this individual resides in Nevada.

**II.    ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for an Order Permitting Service by Publication and for Additional Time to Serve (ECF No 71) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED Plaintiff's Request to Serve Rudy Morales by publication, or otherwise through alternative means, is DENIED without prejudice.

IT IS FURTHER ORDERED that if Plaintiff chooses to continue to seek service on Rudy Morales, Plaintiff must (1) provide the Court with information that identifies and establishes a connection between the named defendant (Rudy Morales) and any individual Plaintiff seeks to serve or that otherwise establishes why any individual Plaintiff seeks to serve is the proper defendant in his action, and (2) support the forms of proposed alternative service demonstrating such service is reasonably likely to provide the identified Defendant with notice of this litigation.

IT IS FURTHER ORDERED Plaintiff's Request to Serve Affinitylifestyles.com d/b/a Real Water by publication is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must, no later than **January 27, 2026**, file a proposed order that includes the exact proposed language that complies with all steps and procedures required by NRCP 4.4(c)(2)(C) and (4), respectively, for Service by Publication on Affinitylifestyles.com.

IT IS FURTHER ORDERED that service by publication on Affinitylifestyles.com in the Las Vegas Review Journal and Houston Chronicle must run once a week for four consecutive weeks.

IT IS FURTHER ORDERED that Plaintiff must serve Affinitylifestyle.com's special litigation counsel electronic mail no later than **February 4, 2026**.

IT IS FURTHER ORDERED that Plaintiff must serve Affinitylifestyles.com at its last known address of 10045 Valley Dr. S, Willis, TX 77318 through first class and certified U.S. Mail no later than **February 4, 2026.**

IT IS FURTHER ORDERED that Plaintiff must file a notice of compliance with each form of service no later than seven (7) days after Plaintiff (1) completes service by publication, (2) serves special litigation counsel by electronic mail, and (3) places the Summons, Complaint, and a copy of this Order in first class and certified U.S. Mail addressed to Affinitylifestyles.com at 10045 Valley Dr. S, Willis, TX 77318.

IT IS FURTHER ORDERED that Plaintiff's request to extend time to serve is GRANTED. Service must be accomplished no later than February 27, 2026.

Dated this 13th day of January, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE