UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GREAT AMERICAN E&S
INSURANCE COMPANY,

      Plaintiff,

      v.

AFFINITY LIFESTYLES.COM, INC. d/b/a
REAL WATER, a Nevada Corporation et al.,
et al.,

      Defendants.

Case No. 2:25-cv-01638-CDS-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Deposit Funds Into Court Registry. ECF No. 70. The Court reviewed Plaintiff's Motion, the Response filed by Certain Putative Defendants (ECF No. 83),[1] Lisa King's Joinder to the Response (ECF No. 84),[2] and Plaintiff's Reply (ECF No. 87).

**I.      The Parties' Arguments**

Plaintiff moves to interplead the $2 million sum at issue in this interpleader action consistent with the requirements of 28 U.S.C. § 1335, Federal Rule of Civil Procedure 67, and U.S. District Court for the District of Nevada Local Rule 67-1. The $2 million is the total limit of insurance available under the policy issued by Great American E&S Insurance Company. There are competing claims to the insurance proceeds that exceed the policy limits.

Plaintiff argues the res of the policy is valued at more than $500 and two or more adverse claimants are citizens of different states. Plaintiff avers jurisdiction is proper and, under Fed. R. Civ. P. 67(a), it seeks an order from the Court permitting the deposit. Notice to every other party has been given as established by the docket in this action.

Defendants respond that because they are likely to prevail on a pending Motion to Dismiss, the Court should deny Plaintiff's Motion. Defendants contend Plaintiff's interpleader action is time

---

[1]     The Putative Defendants are defined at ECF No. 83 n.1.
[2]     Lisa King and the Putative Defendants are referred to herein as the "Defendants."

1

barred through application of NRS.11.190.  According to Defendants, subsection (4)(c) of this statute should result in the application of a two year limitations period that would bar Plaintiff's interpleader claim.  Defendants admit Plaintiff contests Defendants' statute of limitations argument and seek the application of the six year breach of contract limitations period or, in the alternative, that a four year limitations period is the longest "conceivable limitations period applicable to this action." Defendants further submit Plaintiff's Motion should be denied on equitable grounds in accordance with a companion action involving National Union Fire Insurance Company of Pittsburgh.  Finally, Defendants argue Plaintiff "cannot establish a genuine threat of multiple liability over a single fund," a prerequisite to interpleader relief.[3]

In its Reply, Plaintiff asserts that the ultimate outcome of the Motion to Dismiss is irrelevant to its instant Motion seeking to interplead funds because Plaintiff seeks only to deposit these funds with the Court.  With respect to the failure to serve one putative defendant (Daniel Taylor), Plaintiff points to proof of service on file at ECF No. 35.  Plaintiff discusses service of process on Affinitylifestyles, which the Court notes is complete as established by Plaintiff's Notice of Compliance filed on February 11, 2026 (ECF No. 92).  Plaintiff points to the discretion granted to Court regarding an interpleader's request to deposit funds, noting the amount at issue is definite, the funds can be deposited all at once, and the equities lie in favor of granting the instant Motion because this interpleader case (like similar cases before the Court) involves a two step process with only the first step currently at issue (whether to allow the deposit of funds).  Plaintiff also disavows any interest in the $2 million policy limits.

**II.    Discussion**

Rule 67 of the Federal Rules of Civil Procedure states:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

---

[3]    Defendants also raise that Plaintiff's Motion is premature because one defendant (Daniel Taylor) has been served, and the Motion to Dismiss is pending.

Fed. R. Civ. P. 67(a). Under Rule 67(a), as well as 28 U.S.C. § 1335(a)(1), the Court finds notice of this interpleader action has been provided to every other party and there are two or more diverse Defendants (adverse claimants) as defined in 28 U.S.C. § 1332. The Court further finds the sum is certain, under Plaintiff's control, and available to be deposited into the Court's registry. There is no dispute that the decision whether to allow this deposit lies within the sound discretion of the court. *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, Case No. 2:20-cv-401-RSM-DWC, 2020 WL 5526686, at *2 (W.D. Wash. Sept. 15, 2020) (internal citation omitted).

Further, this interpleader action, as is true in all pending Affinitylifestyles interpleader actions, "involves two stages." In this first stage, the Court is deciding only "whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). It is the second stage when the Court "will … make a determination of the respective rights of the claimants." *Id.*

The Court is presently concerned only with the first stage of this interpleader action; that is, the deposit of funds. The Court makes no determination regarding the respective rights to the funds at issue or duties owed by Great American E&S Insurance Company to any Defendant. This Order solely addresses the deposit of funds into the Court's registry. Defendants' reiteration of arguments in support of dismissal do not change this analysis. These arguments are for the assigned district judge to consider. None of the arguments undermine the elements the party seeking to interplead funds must meet or, in this case, has met. For this reason, Plaintiff's Motion is granted.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Deposit Funds into Court Registry (ECF No. 70) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to accept Great American E&S Insurance Company's deposit of the $2,000,000 policy limits, associated with Great American Policy No. PL2258323, and to deposit the same in an interest bearing account; provided, however, the deposit of funds is **stayed** until such time as the pending Motion to Dismiss (ECF No. 49) is

decided by the Court.  Upon final resolution of the Motion to Dismiss, the stay is automatically lifted—that is, no further order of the Court is required—and Plaintiff may proceed with the deposit of the funds, which the Clerk of Court must accept..

Dated this 25th day of February, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4