UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Great American E&S Insurance Company,<br>Plaintiff<br>v.<br>Affinitylifestyles.com Inc., et al.,<br>Defendants | Case No. 2:25-cv-01638-CDS-EJY<br>**Order Granting the Parties' Joint Motion to Set Aside Default of Defendant Andrea Prokova**<br>[ECF No. 111] |

Plaintiff Great American E&S Insurance Company served defendant Andrea Prokova on October 25, 2025. Serv., ECF No. 40. The Clerk of Court entered default against defendants Rudy Morales and Andrea Prokova on April 21, 2026. Default, ECF No. 108. Great American and Prokova now seek to set aside the default entered against Andrea Prokova. Joint mot., ECF No. 111.[1] Because I find that there is good cause, I grant the parties' joint motion to set aside default as to defendant Andrea Prokova only.[2]

## I. Discussion

The clerk's entry of default against a party is the first of two steps required to seek an enforceable default judgment against the party that failed to plead or respond. Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). And under Rule 55(b), the party seeking default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, under Rule 55(c), "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

[1] The time to file opposition was May 15, 2026, and no opposition to this joint motion has been filed. So this motion is fully briefed.

[2] Because this motion (ECF No. 111) is only as to Prokova, the default remains in effect as to defendant Rudy Morales.

The court has discretion to set aside a default. *Id.* A motion to set aside an entry of default seeks a lesser intervention than would a motion to set aside a default judgment in a case under Rule 60(b). As dictated by Rule 55(c), the district court must determine whether there is "good cause" to set aside the entry of default. *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111–12 (9th Cir. 2011). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986)).

Because the parties agree to set aside the default against Prokova and assert that the defendant was confused as to there being multiple lawsuits going on related to this matter, I find "good cause" exists to vacate the clerk's entry of default.

## II. Conclusion

It is hereby ordered that the parties' joint motion to set aside default **[ECF No. 111] is GRANTED**.

The Clerk of Court is kindly instructed to vacate the default at ECF No. 108 as to defendant Andrea Prokova only. The default against Rudy Morales remains.

It is further ordered that Prokova must file any responsive pleading to the operative complaint by August 5, 2026.

Dated: July 15, 2026

Cristina D. Silva
United States District Judge